UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DESIRAE LANTRY, individually, and on behalf of all others similarly situated, | ) ) ) ) JURY DEMANDED |
| Plaintiff, | ) ) |
| v. | ) CASE NUMBER 4:18-cv-01694 ) |
| CLIENT SERVICES, INC., | ) **District Judge Rodney W. Sippel** ) |
| Defendant. | ) ) ) |

**FIRST AMENDED CLASS ACTION COMPLAINT**

NOW COMES Plaintiff DESIRAE LANTRY ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her undersigned counsel and asserts the following First Amended Class Action Complaint for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., against Defendant CLIENT SERVICES, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff brings this putative class action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

2. This First Amended Class Action Complaint has been filed pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA") to recover for violations of the FDCPA resulting from a debt collection letter mailed by Defendant to Plaintiff.

3. A copy of the subject collection letter is attached hereto as **Exhibit A**.

**DESCRIPTION OF THE SUBJECT COLLECTION LETTER**

4. The date printed on the collection letter is listed October 5, 2017.

5. October 5, 2017, fell on a Thursday.

6. On information and belief, and consistent with parties of the debt collection industry, the collection letter was not mailed to Plaintiff on October 5, 2017.

7. Even if Defendant mailed the collection letter to Plaintiff on Thursday, October 5, 2017, the earliest it could have arrived in Plaintiff's mail box/slot would be Monday, October 9, 2017.

8. The subject collection letter is a "communication" as defined by 15 U.S.C. § 1692a(2) because the letter attempted to settle a purported debt.

9. The subject collection letter does not specifically identify a particular creditor. CHASE.

10. Instead, the "RE" line of the subject collection letters says "CHASE BANK USA, N.A."

11. The subject collection letter identifies a "BALANCE DUE" of $2,212.73.

12. On information and belief, Chase has charged off the above-identified balance.

13. The subject collection letter starts with the following sentence: "[w]e are offering you a settlement amount of $443.00, to settle this CHASE BANK USA, N.A. account for less than the balance due.*" *See* **Exhibit A**.

14. The asterisk at the end of the first sentence of the collection letters leads to the following sentence which states:

> "*If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."

*See* **Exhibit A**.

## PARTIES, JURISDICTION AND VENUE

15. Plaintiff is a citizen of California and resides and is otherwise domiciled in California.

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17. Defendant is incorporated and headquartered in Saint Charles, Missouri.

18. Defendant is regularly engaged in the collection of consumer debts.

19. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20. Defendant was conducting substantial and continued debt collection related activities within the 50 States that comprise the United States, including the State of California, and continues to do so.

21. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

22. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District (the creation and transmission of the subject letter) and Defendant is incorporated and headquartered in this District.

## GENERAL ALLEGATIONS

23. The subject collection letter is a standard for letter utilized by Defendant.

24. The subject collection letter is a standard for letter that was by Defendant to consumers in the United States and the State of California.

25. The subject collection letter is a standard for letter that was by Defendant to consumers to collect consumer debts allegedly owed to CHASE BANK USA, N.A.

26. When Defendant mailed the subject collection letter to Plaintiff, Defendant was attempting to collect a consumer debt as defined by the FDCPA because the alleged debt was incurred for personal and/or household items.

27. When Defendant mailed the subject collection letter to Plaintiff, Defendant was attempting to collect a debt that Plaintiff allegedly owed to CHASE BANK USA, N.A.

28. CHASE BANK USA, N.A. requires debt collectors like Defendant to utilize the below language in one more of the form collection letters that Defendant has otherwise drafted on its own:

> "* If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."

29. Plaintiff contends that following language violated the FDCPA.

30. The above quoted language improperly attempted to influence Plaintiff's thought process with regard to paying off the subject debt by informing her that it would *not be beneficial* for her to settle the debt by paying less than the amount she allegedly owed.

31. The above quoted language improperly attempted to influence Plaintiff's thought process with regard to paying off the subject debt by informing her that it would *be beneficial* for her to pay the full amount she allegedly owed.

32. The above quoted language improperly attempted to influence Plaintiff's thought process with regard to paying off this debt by *warning* Plaintiff that if she paid "less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services."

33. The above quoted language improperly attempted to influence Plaintiff's thought process with regard to paying off this debt by warning Plaintiff that if she paid "less than the full outstanding balance" Chase "may deny your application."

34. This language was intended to give debtors like Plaintiff a confusing, Hobson's Choice – pay a portion of the debt and run the risk receiving "less favorable terms in the future for some Chase products or services" or having an "application" denied, or pay the full amount owed and ***not*** run the risk receiving "less favorable terms in the future for some Chase products or services" or having an "application" denied.

35. Because it is reasonable and plausible to contend that people receiving collection letters from Defendant may have limited funds available to pay off their debts, the impact of this Hobson's Choice if more pronounced and gut wrenching.

36. On information and belief, this above quoted statement is false, misleading and/or deceptive because Chase *would not have offered Plaintiff more favorable terms* if she paid off her entire debt.

37. Rather, by falling behind on payments, having her account charged off and/or sent to outside collections, it is highly plausible that Plaintiff *was not in good standing with Chase*.

38. Because Plaintiff fell behind on payments, had her account charged off and/or sent to outside collections, it is highly plausible that Plaintiff *could never be in* good standing with Chase, *even if she fully paid off the subject debt*.

39. Accordingly, by falling behind on payments, having her account charged off and/or sent to outside collections, it is highly plausible that Chase *would never* offer or provide Plaintiff with any loan, product or services from Chase, *even if she paid back the full amount of her d*ebt.

40. Additionally, if an outside collection agency such as Defendant would have collected the full amount owed from Plaintiff, the amount collected would have been reduced by up to 33% as a result of Defendant's contingency-based collection fee.

41. Accordingly, because the amount recovered would be less than the full amount owed, is highly plausible that Chase would be unlikely to offer Plaintiff any loan, product or service in the future.

42. Additionally, the quoted language was false, misleading and deceptive because the language talks in broad and confusing hypotheticals – despite clearly encouraging consumers like Plaintiff to pay the full amount of the debt and obtaining *more favorable terms*.

5

43. The same scenarios identified in Paragraphs 36 through 42 would also apply to putative class members.

44. By way of a further example, if a consumer desired to save money by settling the debt for less than the amount owed, she/he would be confused, mislead and/or deceived by the letter's ambiguous statement that Chase "may" respond to the lesser payment amount by offering the consumer *less favorable terms* for some *unspecified Chase* products.

45. The letter is purposefully worded to avoid making the following clear statement: "if you pay the full amount owed, rather than the discounted settlement offer, Chase *will* offer you more favorable terms in the future for some Chase products or services."

46. As a result of this false, misleading and deceptive language, a consumer could arguably be misled into thinking that she/he could or would in fact receive more favorable terms in the future for some Chase products or services when this would not be the case.

47. In summary, the above quoted language was prepare to falsely, misleadingly and deceptively suggest to consumers that paying off the "full outstanding balance" would result in more favorable terms.

48. Alternatively, if a consumer desired to save money by settling the debt for less than the amount owed, the above quoted language falsely, misleadingly and deceptively written to cause consumers to pay less than the full amount by stating that Chase "may" respond to the lesser payment amount by denying the consumer's application for some unspecified Chase product or service

49. Alternatively, if a consumer desired to save money by settling the debt for less than the amount owed, the above quoted language falsely, misleadingly and deceptively was written to cause consumers to pay less than the full amount by stating that Chase could offer "less favorable

6

terms in the future for some Chase products or services" unless recipient paid the total amount she/he owed.

50. When Chase presented the quoted language to Defendant and told Defendant to include it the subject form dunning letter, it was Chase's intention that this language would result the recovery of the full amount owed for each subject debt.

51. When Chase presented the quoted language to Defendant and told Defendant to include it the subject form dunning letter, it was Chase's intention that this language would discourage recipients from paying the discounted offer.

52. Defendant knew that it would receive more compensation from Chase on an per account basis if the subject language caused more consumers to pay the full amount owed for each debt owed to Chase.

53. Defendant knew that it would receive more compensation from Chase on an per account basis if the subject language discouraged consumers from paying the discounted offer set forth in each individual letter.

54. Accordingly, by agreeing to use the subject language, Defendant plausibly understood that it would increase its income relative to each debt that it collected – if consumers paid the full amount owed.

55. Since this language was not mandated by any state law, or any provision of the FDCPA, Defendant had an independent obligation to investigate whether paying the full amount of a debt owed to Chase would result in more favorable terms in the future for some Chase products or services.

56. Since this language was not specifically mandated by any court order or consent degree, Defendant had an independent obligation to investigate whether paying the full amount of

7

a debt owed to Chase would result in more favorable terms in the future for some Chase products or services.

57. Since this language was not mandated by any state law, or any provision of the FDCPA, Defendant had an independent obligation to investigate whether paying *less* than the full amount of a debt owed to Chase would less favorable terms in the future for some Chase products or services, or the denial of a future application.

58. Since this language was not specifically mandated by any court order or consent degree, Defendant had an independent obligation to investigate whether paying *less* than the full amount of a debt owed to Chase would less favorable terms in the future for some Chase products or services, or the denial of a future application.

59. Defendant is a sophisticated debt collector. Accordingly, on information and belief, Defendant knew, or should have known that:

    a. Chase would *not* "offer less favorable terms in the future for some Chase products or services" if a debtor paid less than the total amount owed;

    b. Chase would *not* "deny [an] application" if a consumer paid less than the total amount owed;

    c. Chase would *not* offer *more favorable* "terms in the future for some Chase products or services" if a debtor paid the total amount owed;

    d. Chase would *not* offer *more favorable* "terms in the future for some Chase products or services" if a debtor paid the total amount owed because of the fact that the debt has been charged off;

    e. Chase would "deny [an] application" if a debtor paid the total amount owed;

    f. Chase would "deny [an] application" if a debtor paid the total amount owed because of the fact that the debt has been charged off.

60. Under the language utilized by Defendant, as required by the creditor, Defendant knew that the language was intended to urge debtors to settle for the full amount owed.

8

61. The quoted language violates Section 1692e of the FDCPA because the language is confusing, false, deceptive and/or misleading to the Plaintiff and is likely to be viewed the same way by the "least sophisticated consumer."

62. The quoted language violates Section 1692f of the FDCPA because the confusing language is an "unfair or unconscionable means to collect or attempt to collect" a debt.

63. Because the quoted language would plausibly lead class members to pay the full amount of the debt owed, the quoted language would benefit Defendant to the extent that Defendant would earn higher commissions if debtors paid the full amount owed.

64. On information and belief, it is plausible that class members were confused by the letter and did not pay any amount of the debt identified on the letter.

65. It is plausible that class members may have had to consult with legal counsel in order to ascertain their rights under the FDCPA.

66. It is plausible that class members were confused by the letter *and chose to pay the full amount of their debt* to *avoid having Chase offer them* "less favorable terms in the future for some Chase products or services[.]"

67. It is plausible that class members were confused by the letter *and chose to pay the full amount of their debt* to *avoid having Chase* "deny their application."

68. Defendant knew, or should have known, that the subject language was confusing, false, deceptive and/or misleading violates the FDCPA because Chase would be unlikely to grant a class member more "favorable terms in the future for some Chase products or services" if the class member paid the debt in full.

69. Defendant knew, or should have known, that the subject language was confusing, false, deceptive and/or misleading violates the FDCPA. Chase would be unlikely to grant a class

9

member more "favorable terms in the future for some Chase products or services" if the class member paid the debt in full because of the fact that the class member incurred a previously unpaid debt, the debt was charged off, or alternatively, the debt would never be fully recouped because Chase would have to pay a collection fee to Defendant – if Chase still owned the debt.

70. Defendant knew, or should have known, that the subject language was confusing, false, deceptive and/or misleading violates the FDCPA because Chase would be unlikely to grant a class member's application if the class member paid the debt in full.

71. Defendant knew, or should have known, that the subject language was confusing, false, deceptive and/or misleading violates the FDCPA.  Chase would be unlikely to grant a class member's application if the class member paid the debt in full because of the fact that the class member incurred a previously unpaid debt, the debt was charged off, or alternatively, the debt would never be fully recouped because Chase would have to pay a collection fee to Defendant – if Chase still owned the debt.

72. In the below quoted sentence, the collection letter does not define the word "Chase":

> "*If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."

73. Defendant knew, or should have known, that as unsophisticated consumer would be confused by the undefined use of the word "Chase" in the above quoted language.

74. Nowhere on the collection letter is the word "Chase" limited to just Chase Bank USA, N.A.

75.  "Chase" is listed as a trademark of JPMorgan Chase Bank, N.A. on the website https:///chase.com

76. JPMorgan Chase Bank, N.A. conducts business as "Chase Bank."

77. Chase Bank, N.A. operates as a subsidiary of J.P. Morgan Equity Holding, Inc.

78. JPMorgan Chase Bank, N.A. is a wholly-owned subsidiary of JPMorgan Chase & Co.

79. A true and accurate screen capture of the bottom section of the website https:///chase.com taken on October 3, 2018, reveals the following:



80. The website https:///chase.com lists various types of "accounts" as depicted in a true and accurate screen capture taken on October 3, 2018:



81. Defendant knew, or should have known, that the use of the undefined word "Chase" in the phrase "Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application" implicates an unlimited assortment of financial products that are broadly and loosely associated with the name "Chase."

82. Defendant knew, or should have known, that the above quoted phrase is not limited to products associated with the underlying account, with "CHASE BANK USA, N.A."

83. Defendant knew, or should have known, that the use of the undefined word "Chase" in the above quoted phrase would plausibly cause a unsophisticated consumer to be confused by the undefined use of the word "Chase" in the above quoted language.

84. Defendant knew, or should have known, that the use of the undefined word "Chase" in the above quoted phrase would plausibly cause an unsophisticated consumer to pay off the entire amount of the subject debt (rather than accept the proposed settlement amount) in order to not be deprived of undefined "Chase products or services."

85. Defendant knew, or should have known, that the use of the undefined word "Chase" in the above quoted phrase would plausibly cause an unsophisticated consumer to pay off the entire amount of the subject debt (rather than accept the proposed settlement amount) in order to not be to have some "application" for "Chase products or services" be denied.

### COUNT I - 15 U.S.C. § 1692e

86. Plaintiff incorporates the above paragraphs into this Count.

87. As alleged above, Plaintiff asserts that the quoted language violated of 15 U.S.C. § 1692e because the language constitutes a false, deceptive or misleading representation or means to collect a debt.

88. Defendant knew, or should have known, that the language constitutes a false, deceptive or misleading representation or means to collect a debt.

89. Because the above quoted language violated the FDCPA, Plaintiff and the proposed class are entitled to declaratory relief, statutory damages and attorney's fees.

### COUNT II - 15 U.S.C. § 1692e(2)(A)

90. Plaintiff incorporates the above paragraphs into this Count.

91. As alleged above, Plaintiff asserts that the quoted language violated 15 U.S.C. § 1692e(2)(A) because the language constitutes a false representation regarding character or legal status of the alleged debts.

92. Contrary to Defendant's representation, it was not required by the FDCPA to include the quoted language in order to comply with the FDCPA.

93. Defendant knew, or should have known, that the language violated § 1692e(2)(A) because the language constitutes a false representation regarding character or legal status of the alleged debts.

94. Accordingly, the language, by being included below two other *required* disclosures ("This is an attempt to collect a debt and any information obtained will be used for that purpose" and "This communication is from a debt collector") – strongly implied to Plaintiff and others that the language was a legal disclosure required by the FDCPA - which must be made to consumers when this is not the case.

95. Because the above quoted language was not required to comply with the FDCPA, it constitutes false representation regarding character or legal status of the alleged debts and the impact that partial or full payment may have on a debt.

96. By making a false representation regarding character or legal status of the alleged debts *and the impact that partial or full payment may have on a debt*, Defendant violated the FDCPA.

97. Because the above quoted language violated the FDCPA, Plaintiff and the proposed class are entitled to declaratory relief, statutory damages and attorney's fees.

### COUNT III - 15 U.S.C. § 1692e(10)

98. Plaintiff incorporates the above paragraphs into this Count.

99. For the reasons set forth above, Plaintiff asserts that the quoted language violated of 15 U.S.C. § 1692e(10) of the FDCPA because the language constitutes a false representation or deceptive means to collect or attempt to collect a debt.

100. Defendant knew, or should have known, that the language violated § 1692e(10) of the FDCPA because the language constitutes a false representation or deceptive means to collect or attempt to collect a debt.

101. Because the above quoted language violated the FDCPA, Plaintiff and the proposed class are entitled to declaratory relief, statutory damages and attorney's fees

### COUNT IV - 15 U.S.C. § 1692f

102. Plaintiff incorporates the above paragraphs into this Count.

103. For the reasons set forth above, Plaintiff asserts that the quoted language violated of 15 U.S.C. § 1692f because the language constitutes the use of an unfair or unconscionable means to collect a debt.

104. Defendant knew, or should have known, that the language violated § 1692f because the language constitutes the use of an unfair or unconscionable means to collect a debt.

105. Because the above quoted language violated the FDCPA, Plaintiff and the proposed class are entitled to the relief set forth below.

### CLASS ALLEGATIONS

106. Plaintiff incorporates the above paragraphs into this Section.

107. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

108. Defendant sent more than forty identical standard form letters with the above quoted language to consumers with addresses within the United States.

109. Defendant sent more than forty identical standard form letters with the above quoted language to consumers with addresses within the State of California.

110. Defendant sent more than forty identical standard form letters with the above quoted language to consumers with addresses within the confines of the United States District Court for the Central District of California.

111. On information and belief, more than forty persons with addresses within the State of California paid the full balance owed on the collection letter that they received after they received a collection letter from Defendant containing the phrase "[i]f we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."

112. There are common questions of law and fact between Plaintiff's claims and those of the class.

113. Common issues predominate over any issues involving only individual class members.

114. The principal issues are:  (a) whether Defendant's use of the phrase "[i]f we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application" violates the Fair Debt Collection Practices Act; (b) whether class members paid their debts in full because of or as a result of the above quoted language; (c) whether the choice of the word "Chase" in the quoted language was confusing, deceptive and/or misleading in violation of the FDCPA; (d) whether Defendant knew, or should have known, that the language violated the above mentioned sections of the FDCPA as set forth above; and (e) whether Defendant had an independent duty to investigate whether the subject language was lawful.

115. Plaintiff's claims are typical of the class members, as her claims are based upon the same facts and legal theories as the proposed class members.

116. Plaintiff will fairly and adequately protect the interests of the proposed Class.

117. Plaintiff has retained counsel with experience in litigating, defending and settling consumer lawsuits and complex legal issues, and class actions.

118. Neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

119. With regard to the collection letter's use of the phrase, "[i]f we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application" (the "Disclosure"), the proposed Disclosure class can be defined as follows:

> (a) all persons who were sent a collection letter in substantially the same form letter as subject collection letter or a collection letter that uses the phrase "[i]f we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application"; to (b) addresses within the State of California; and (c) within one year of the filing of this Class Action Complaint and until such time as Defendant no longer uses the quoted language.

120. On information and belief, Defendant received payments in full from putative class members of the Disclosure Class because of or as a result of the above quoted language.

121. Accordingly, a sub-class of the proposed Disclosure Class can be defined as follows:

> (a) all persons who were sent a collection letter in substantially the same form letter as subject collection letter or a collection letter that uses the phrase "[i]f we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application"; to (b) addresses within the State of California; (c) where persons made payments in full relative to the debts referenced in the subject collection letters (d) within one year of the filing of this Class Action Complaint and until such time as Defendant no longer uses the quoted language.

17

122. The identities of class members in both proposed classes are readily ascertainable from Defendant's records.

123. This action is brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because the use of a class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable.

124. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

125. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

126. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

127. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the proposed Class predominate over any questions affecting an individual member, such that class action is superior to other available methods for the fair and efficient adjudication of the controversy.

128. Defendant has acted, or failed to act, on grounds generally applicable to the Rule 23(b)(l)(A) and 23(b)(2) Classes, thereby making appropriate final injunctive relief with respect to the Class as a whole.

129. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## JURY DEMAND

130. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows: certify this action as a class action; appoint Plaintiff as Class Representatives of the Class; appoint her attorneys as Class Counsel; find that Defendant's actions violate the FDCPA; award damages against Defendant pursuant to 15 U.S.C. § 1692k; award Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; issue declaratory and injunctive relief; and grant all other relief that the Court determines is just and proper.

Respectfully submitted,

Plaintiff DESIRAE LANTRY, individually, and on behalf of all others similarly situated,

By:   /s/ James C. Vlahakis

James C. Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-8181 telephone
(630) 575-8188 facsimile
jvlahakis@sulaimanlaw.com

**Certificate of Service/Proof of Service**

I, James C. Vlahakis, counsel for Plaintiffs, certify that I, or a staff member under my supervision, caused the above document to be filed on the date indicated below with the District Court's ECF filing system which will automatically serve a file stamped copy of this document on call counsel of record as of the date of this filing.

Date of filing:  January 29, 2019.

>/s/ James C. Vlahakis
> James C. Vlahakis
> Sulaiman Law Group, Ltd
> 2500 South Highland Avenue #200
> Lombard, IL 60148
> Phone: (630) 581-5456
> jvlahakis@sulaimanlaw.com