IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DESIRAE LANTRY, individually, and on behalf of all others similarly situated,<br><br>　*Plaintiff*,<br><br>v.<br><br>CLIENT SERVICES, INC.<br><br>　*Defendant.* | CASE NO. 4:18-cv-01694-RWS<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT** |

**DEFENDANT CLIENT SERVICES, INC.'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Client Services, Inc. ("CSI") files its *Answer* to Plaintiff Desirae Lantry ("Plaintiff")'s *First Amended Complaint* as follows:

**INTRODUCTION**

1. CSI admits Plaintiff brings a class action. CSI denies this action is appropriate for a class action.

2. CSI admits the action is filed pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). CSI denies Plaintiff is entitled to any such relief.

3. The letter speaks for itself.

**DESCRIPTION OF THE SUBJECT COLLECTION LETTER**

4. The letter speaks for itself.

5. The letter speaks for itself.

6. CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 6; therefore, it denies the same.

7. CSI lacks knowledge or information sufficient to form a belief about the truth of

1

Paragraph 7; therefore, it denies the same.

8. CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 8; therefore, it denies the same.

9. The letter speaks for itself.

10. The letter speaks for itself.

11. The letter speaks for itself.

12. CSI admits Paragraph 12.

13. The letter speaks for itself.

14. The letter speaks for itself.

## PARTIES, JURISDICTION AND VENUE

15. CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 15; therefore, it denies the same.

16. CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 16; therefore, it denies the same.

17. CSI admits Paragraph 17.

18. CSI admits at times it engages in the services as alleged in Paragraph 18.  CSI lacks knowledge or information about the nature of the debt in this case.

19. CSI admits that at times it acts as a debt collector as alleged in Paragraph 19.  CSI lacks knowledge or information as to admit or deny the nature of the debt in this case.

20. CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 20; therefore, it denies the same.

21. CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 21; therefore, it denies the same.

22. CSI admits venue is proper because it is incorporated and headquartered in this District. CSI lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 22; therefore, it denies the same.

## GENERAL ALLEGATIONS

23. CSI denies the letter at issue is the standard letter utilized on behalf of every client and/or for every purpose.

24. CSI denies the letter at issue is the standard letter utilized on behalf of every client and/or for every purpose.

25. CSI denies the letter at issue is the standard letter utilized for every purpose.

26. CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 26; therefore, it denies the same.

27. CSI admits Paragraph 27.

28. To the extent Paragraph 28 concerns allegations against a person other than CSI, CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 28; therefore, it denies the same. To the extent Paragraph 28 concerns allegations against CSI, CSI admits that in the past, Chase Bank required CSI to include the language at issue for certain collection letters concerning Chase Bank accounts.

29. CSI admits Plaintiff makes a contention as alleged in Paragraph 29. CSI denies any violation of the FDCPA.

30. CSI denies Paragraph 30.

31. CSI denies Paragraph 31.

32. CSI denies Paragraph 32.

33. CSI denies Paragraph 33.

34. CSI denies Paragraph 34.

35. CSI denies Paragraph 35.

36. CSI lacks knowledge or information sufficient to form a belief about what Chase may or may not have done.  CSI denies the remainder of Paragraph 36.

37. CSI denies Paragraph 37.

38. CSI denies Paragraph 38.

39. CSI denies Paragraph 39.

40. To the extent Paragraph 40 concerns allegations against a person other than CSI, CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 40; therefore, it denies the same.  To the extent Paragraph 40 concerns allegations against CSI, CSI denies Paragraph 40.

41. CSI lacks knowledge or information sufficient to form a belief about what Chase may or may not have done.  CSI denies the remainder of Paragraph 41.

42. CSI denies Paragraph 42.

43. CSI denies Paragraph 43.  CSI denies this action is appropriate for a class action.

44. CSI denies Paragraph 44.

45. CSI denies Paragraph 45.

46. CSI denies Paragraph 46.

47. CSI denies Paragraph 47.

48. CSI denies Paragraph 48.

49. CSI denies Paragraph 49.

50. CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 50; therefore, it denies the same.

51. CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 51; therefore, it denies the same.

52. CSI denies Paragraph 52.

53. CSI denies Paragraph 53.

54. CSI denies Paragraph 54.

55. CSI denies Paragraph 55.

56. CSI denies Paragraph 56.

57. CSI denies Paragraph 57.

58. CSI denies Paragraph 58.

59. CSI admits it is a debt collector. CSI denies Paragraph 59 and its subparts.

60. CSI denies Paragraph 60.

61. CSI denies Paragraph 61.

62. CSI denies Paragraph 62.

63. CSI denies Paragraph 63.

64. CSI denies Paragraph 64.

65. CSI denies Paragraph 65.

66. CSI denies Paragraph 66.

67. CSI denies Paragraph 67.

68. CSI denies Paragraph 68.

69. To the extent Paragraph 69 concerns allegations against a person other than CSI, CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 69; therefore, it denies the same. To the extent Paragraph 69 concerns allegations against CSI, CSI denies Paragraph 69.

70. CSI denies Paragraph 70.

71. To the extent Paragraph 71 concerns allegations against a person other than CSI, CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 71; therefore, it denies the same. To the extent Paragraph 71 concerns allegations against CSI, CSI denies Paragraph 71.

72. The letter speaks for itself.

73. CSI denies Paragraph 73.

74. The letter speaks for itself.

75. CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 75; therefore, it denies the same.

76. CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 76; therefore, it denies the same.

77. CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 77; therefore, it denies the same.

78. CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 78; therefore, it denies the same.

79. CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 79; therefore, it denies the same.

80. CSI lacks knowledge or information sufficient to form a belief about the truth of Paragraph 80; therefore, it denies the same.

81. CSI denies Paragraph 81.

82. CSI denies Paragraph 82.

83. CSI denies Paragraph 83.

84. CSI denies Paragraph 84.

85. CSI denies Paragraph 85.

## COUNT I

86. CSI incorporates by reference Paragraphs 1 through 85 as though fully stated herein.

87. CSI admits Plaintiff makes an assertion as alleged in Paragraph 87. CSI denies any violation of the 15 U.S.C. § 1692e.

88. CSI denies Paragraph 88.

89. CSI denies Paragraph 89. CSI further denies this action is appropriate for a class action.

## COUNT II

90. CSI incorporates by reference Paragraphs 1 through 89 as though fully stated herein.

91. CSI admits Plaintiff makes an assertion as alleged in Paragraph 91. CSI denies any violation of the 15 U.S.C. § 1692e(2)(A).

92. CSI denies it made any such representation as alleged in Paragraph 92.

93. CSI denies Paragraph 93.

94. CSI denies Paragraph 94.

95. CSI denies Paragraph 95.

96. CSI denies Paragraph 96.

97. CSI denies Paragraph 97. CSI further denies this action is appropriate for a class action.

## COUNT III

98. CSI incorporates by reference Paragraphs 1 through 97 as though fully stated herein.

99. CSI admits Plaintiff makes an assertion as alleged in Paragraph 99. CSI denies any violation of the 15 U.S.C. § 1692e(10).

100. CSI denies Paragraph 100.

101. CSI denies Paragraph 101. CSI further denies this action is appropriate for a class action.

## COUNT IV

102. CSI incorporates by reference Paragraphs 1 through 101 as though fully stated herein.

103. CSI admits Plaintiff makes an assertion as alleged in Paragraph 103. CSI denies any violation of 15 U.S.C. § 1692f.

104. CSI denies Paragraph 104.

105. CSI denies Paragraph 105. CSI further denies this action is appropriate for a class action.

## CLASS ALLEGATIONS

106. CSI incorporates by reference Paragraphs 1 through 105 as though fully stated herein.

107. CSI admits Plaintiff brings the action as alleged in Paragraph 107. CSI denies this action is appropriate for a class action.

108. CSI denies it sends identical letters to the recipients and addresses alleged in Paragraph 108.

109. CSI denies it sends identical letters to the recipients and addresses alleged in

Paragraph 109.

110.    CSI denies it sends identical letters to the recipients and addresses alleged in Paragraph 110.

111.    CSI admits persons with addresses within the State of California have paid their balances in full.  CSI lacks knowledge or information sufficient to form a belief about the truth of why those persons paid their balance owed in full as alleged Paragraph 111; therefore, it denies the same.

112.    CSI denies this action is appropriate for a class action.

113.    CSI denies this action is appropriate for a class action.

114.    CSI denies this action is appropriate for a class action.

115.    CSI denies this action is appropriate for a class action.

116.    CSI denies this action is appropriate for a class action.

117.    CSI denies this action is appropriate for a class action.

118.    CSI denies this action is appropriate for a class action.

119.    CSI denies this action is appropriate for a class action.

120.    CSI denies Paragraph 120.  CSI denies this action is appropriate for a class action.

121.    CSI denies this action is appropriate for a class action.

122.    CSI denies Paragraph 122.  CSI denies this action is appropriate for a class action.

123.    CSI denies Paragraph 123.  CSI denies this action is appropriate for a class action.

124.    CSI denies Paragraph 124.  CSI denies this action is appropriate for a class action.

125.    CSI denies Paragraph 125.  CSI denies this action is appropriate for a class action.

126.    CSI denies Paragraph 126.  CSI denies this action is appropriate for a class action.

127.    CSI denies Paragraph 127.  CSI denies this action is appropriate for a class action.

128. CSI denies Paragraph 122. CSI denies this action is appropriate for a class action.

129. CSI denies Paragraph 129. CSI denies this action is appropriate for a class action.

## JURY DEMAND

130. CSI admits Plaintiff demands a trial by jury.

## PLAINTIFF'S PRAYER FOR RELIEF

131. CSI admits Plaintiff seeks a judgment against CSI. CSI denies Plaintiff is entitled to any such relief requested in her prayer for relief. CSI further denies this action is appropriate for a class action.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against CSI upon which relief can be granted.

2. Any violation of the law by Defendant, which is specifically denied, was unintentional and was the result of a bona fide error, despite procedures reasonably adapted to prevent such a violation.

3. Plaintiff's damages, if any, are the result of the actions of third parties over whom CSI has no control.

4. Plaintiff's damages, if any, were pre-existing damages not caused by CSI.

5. Plaintiff has failed to mitigate damages, if any.

6. Plaintiff proximately caused his own damages, if any.

7. Plaintiff has not suffered a concrete, injury-in-fact and accordingly Plaintiff lacks standing to bring this Action.

8. Plaintiff's claims, in whole or in part, are barred by the statute of limitations.

9. The Class alleged in the Complaint is not certifiable pursuant to Rule 23 of the Federal Rules of Civil Procedure.

10. Common questions of law or fact do not outweigh the individual issues and preclude class treatment.

11. Plaintiff lacks sufficient numerosity of similarly situated persons to make a class action viable or practical. Therefore, CSI affirmatively states that numerosity is lacking.

Considering the above, Defendant Client Services, Inc. respectfully requests that this Court dismiss all claims against it.

Dated: February 12, 2019

                              Respectfully submitted,

                              /s/ PATRICK A. WATTS
                              Patrick A. Watts
                              State Bar No. 61701
                              Watts Law Group LLC
                              212 South Bemiston Ave, Suite 200
                              St. Louis, Missouri 63105
                              pwatts@swattslaw.com
                              *COUNSEL FOR Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been electronically filed **via CM/ECF,** which will automatically send email notification of such filing to the following known counsel of record on this 12th day of February 2019, to:

**James Constantine Vlahakis**
**Marwan Rocco Daher**
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
630-575-8181
Fax: 630-575-8188
jvlahakis@sulaimanlaw.com
mdaher@sulaimanlaw.com

                              */s/ Patrick A. Watts*
                              Patrick A. Watts