IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DESIRAE LANTRY, individually, and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>CLIENT SERVICES, INC.<br><br>   *Defendant.* | CASE NO. 4:18-cv-01694-RWS |

**DEFENDANT CLIENT SERVICES, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Client Services, Inc. ("CSI") files its *Reply to Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings* as follows:

**INTRODUCTION**

Plaintiff's allegation is based on a single sentence in CSI's October 5, 2017 letter to Plaintiff:

> "*If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."

(Doc. 12, at 10; Doc. 12-2, at 3) ("Chase Disclosure").  Plaintiff alleges the Chase Disclosure is false or misleading because it is purportedly informs the reader, Plaintiff, that "it would *not be beneficial* for her to settle the debt by paying less than the amount she allegedly owed" and that "it would *be beneficial* for her to pay the full amount she allegedly owed (Doc. 12, at 4 ¶¶ 30, 31).  However, the plain language of the Chase Disclosure makes no such statement.  Nor is it open to such implication.  Plaintiff fails to raise any factual allegation that indicates that the Chase Disclosure is false or misleading, instead, buttressing her with allegations that amount to

nothing more than speculation and that are wholly irrelevant to the determination of whether the Chase Disclosure is false or misleading. As such, this Court should grant Defendant's Motion for Judgment on the Pleadings ("Motion") and as a matter of law, dismiss Plaintiff's claims in their entirety.

## ARGUMENT & AUTHORITIES

**A.    Each and Every Allegation in Plaintiff's Amended Complaint Need Not Be Addressed.**

Plaintiff complains that Defendant does not bother to address or dispute the plausibility of the allegations set forth in specific paragraphs (Doc. 21, at 4). However, Defendant need not address **each and every** allegation raised by Plaintiff. As noted in Defendant's Motion, in a motion for a judgment on the pleadings, a court is charged to "review the plausibility of the plaintiff's claim as a *whole*, not the plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (noting "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible"). "[D]etermining whether a complaint states a plausible claim is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

The heart of Plaintiff allegation lies in whether the Chase Disclosure included in CSI's October 5, 2017 letter is false or misleading. Plaintiff alleges the Chase Disclosure is false or misleading because it is purportedly informs the reader, Plaintiff, that "it would *not be beneficial* for her to settle the debt by paying less than the amount she allegedly owed" and that "it would *be beneficial* for her to pay the full amount she allegedly owed (Doc. 12, at 4 ¶¶ 30, 31), allegations that Defendant's Motion (Doc. 17) and this Reply address in detail to show why they

should be dismissed.

**B.     The Intentions And Incentives Behind The Inclusion Of The Chase Disclosure Are Irrelevant.**

A large part of Plaintiff's response complains that Defendant "ignores large parts of the FAC to avoid confronting the allegations head-on" (Doc. 21, at 2).  Specifically, Plaintiff argues that "Defendant's MMJP ignores the allegations which explain that Chase required Defendant to include the Chase Disclosure Language as a means to cause Plaintiff (and other consumers like her) to pay more of the subject debts" (Doc. 21, at 2).  However, Defendant ignores particular allegations in Plaintiff's Amended Complaint because they are wholly irrelevant to a determination of whether Plaintiff has raised a viable claim under the FDCPA.

The FDCPA is a strict liability statute. *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001).  The intentions behind an action are irrelevant to the determination of whether a claim is actionable under the FDCPA. *See, e.g.*, *Coleman v. Berman & Rabin, P.A.*, No. 4:14-cv-1090 (CEJ), 2015 WL 4524599, at *5 (E.D. Mo. Jul. 27, 2015) (finding the intentions in failing to serve plaintiff with the amended petition or pursuing a default judgment are irrelevant to the determination of a FDCPA violation); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996) ("Because the [FDCPA] imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006) ("Requiring a violation of § 1692e to be knowing or intentional needlessly renders superfluous § 1692k(c).").

Plaintiff brings her FDCPA claims under §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f (Doc. 12, at 13–15).  What Plaintiff believes or assumes is the purpose behind the Chase Disclosure is irrelevant to a determination of Plaintiff's claims (Doc. 12, at 6, 7).  What Defendant knew or should have known concerning the Chase Disclosure is irrelevant to a

determination of Plaintiff's claims (Doc. 12, at 7, 9).  Moreover, contrary to Plaintiff's belief, a violation of the FDCPA arises from a false or misleading representation, not from a failure to engage in review of a certain language in its letter (Doc. 12, at 6).   Again, such allegations are irrelevant to a determination of the issues raised by Defendant's Motion and need not be addressed.

C.     **Plaintiff's Allegation is Based on Speculation.**

Even if Plaintiff's allegations are taken as true, nothing in the Amended Complaint shows that the Chase Disclosure is false.  Plaintiff brings her FDCPA claims under §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f (Doc. 12, at 13–15).[1]    Consequently, to survive dismissal, there needs to be **factual allegations** that permit this court to draw the reasonable inference that the Chase Disclosure is false or misleading. *Ashcroft*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that "a claimant must assert factual allegations that "must be enough to raise a right to relief *above* the speculative level on the assumption that all the allegations in the complaint are true.").

Plaintiff argues that her First Amended Complaint alleges that the conditional use of "may" within the Chase Disclosure is factually inaccurate (Doc. 21, at 11–12).  Specifically, Plaintiff argues that the "Chase Disclosure language improperly warns consumers of two consequences if he or she decides to pay less than the full balance: (a) that 'Chase may offer you less favorable terms in the future for some Chase products or services' or (b) that 'Chase . . . may

---

[1]  Plaintiff's § 1692f claim is based on the same conduct as alleged under Plaintiff's § 1692e claims (Doc. 12, at 13–15).  Consequently, Plaintiff's § 1692f claim is deficient and should be denied as a matter of law. *See Lake v. Consumer Adjustment Co.*, No. 4:15-cv-01495-JCH (E.D. Mo. Dec. 14, 2015) (quoting *Hanks v. Valarity, LLC*, No. 4:14-cv-01433-JAR, 2015 WL 1886960, at *4 (E.D. Mo. Apr. 23, 2015)).

deny your application'" (Doc. 21, at 14) and argues that the Chase Disclosure is improper because it highlights "false, deceptive and misleading consequences that may occur if a debtor actually pays less than the full amount of the debt" (Doc. 21, at 14).

However, throughout the First Amended Complaint, Plaintiff does not make factual allegations but **speculates** what Chase may or may not do (*see, e.g.*, Doc. 12 ¶¶ 37, 38, 39, 41, 68, 69, 70, 71). Plaintiff's First Amended Complaint is premised not on affirmatives but on probabilities; not on what Chase will not do, but on what Chase may not do (*see id.*). Consequently, Plaintiff has presented nothing but conjectures on what Chase may or may not do to support her claim and must be dismissed as a matter of law.

**D.      Plaintiff Or Plaintiff's Counsel's Interpretation Of The Chase Disclosure Is Bizarre, Idiosyncratic And Illogical Interpretation.**

To the extent Plaintiff argues that the Chase Disclosure is "inherently confusing" and "could be subject to more than one plausible reading" (Doc. 21, at 8–9), Defendant reemphasizes that Plaintiff's argument is categorically false and is merely a bizarre, idiosyncratic and illogical interpretation of Defendant's letter from which the FDCPA seeks to protect. Defendant's letter and specifically, the Chase Disclosure, is clear.

The Eighth Circuit uses the unsophisticated-consumer standard in determination of a FDCPA violation which is not only intended to "protect[] the uniformed or naïve consumer," but also to maintain "an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317–18 (8th Cir. 2004) (citation omitted).

"The unsophisticated consumer may be uninformed, naïve, and trusting, but still has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Glackin v. LTD Fin. Servs., L.P.*, No. 4:13-CV-00717 (CEJ), 2013

WL 3984520, at *3 (E.D. Mo. Aug. 1, 2013) (quotations omitted).  "The unsophisticated consumer test is a practical one, and statements that are merely susceptible of an ingenious misreading do not violate the FDCPA." *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1056 (8th Cir. 2002) (quotation and citation omitted).  In addition, it is proper to assume that an "unsophisticated consumer" would be confused or misled only if a "significant fraction" of people would be similarly misled. *See Campbell v. Credit Protection Ass'n, LP*, No. 4:12CV00289AGF, 2013 WL 1282348, at *5 (E.D. Mo. Mar. 27, 2013) (citing *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004)).  Though not fully wise (the very root of "unsophisticated") he is wise enough to read collection letters with added care. *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 366 (7th Cir. 2018). He is reasonably intelligent and can make basic logical deductions and inferences. *Id.*

Plaintiff's allegations may be summarized as follows: "The Chase Disclosure is . . . worded to induce consumers to pay more towards the subject debt based upon the inverse suggestion of the Chase Disclosure - that consumers may receive more favorable terms and avoid the denial of their application [if] they pay more towards the subject debt" (Doc. 21, at 2; Doc. 12, at 4; *see also* Doc. 21, at 14–15 (quoting Doc. 12 ¶ 47) ("Simply stated, 'the [Chase Disclosure] language was prepare [sic] to falsely, misleadingly and deceptively suggest to consumers that paying off the 'full outstanding balance' would result in more favorable terms.'")).

Even under the unsophisticated-consumer standard, the Chase Disclosure cannot be read according to the interpretation adopted by Plaintiff.  The plain language the Chase Disclosure states: "*If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny

your application" (Doc. 12, at 10; Doc. 12-2, at 3).  The Chase Disclosure is not inherently confusing.  Nothing about the letter speaks to what Chase may offer or do should the reader pay more towards the subject debt.  Any confusion in the Chase Disclosure arises from Plaintiff's illogical and implausible interpretation adopted by Plaintiff.  Specifically, Plaintiff's interpretation is seeped in a logical fallacy—the inverse of the Chase Disclosure would state: If Chase offers you more favorable terms in the future for some Chase products or services, or grants your application, we have settle this debt with you for the full outstanding balance. *See Glackin*, 2013 WL 3984520, at *3 ("The unsophisticated consumer . . . is capable of making basic logical deductions and inferences.").  Contrary to Plaintiff's interpretation, the Chase Disclosure does not speak to what Chase may do if Plaintiff paid the balance in full (see Doc. 17, at 6–12).

Moreover, the absurdity of Plaintiff's interpretation is further compounded by the fact that the unsophisticated-consumer has rudimentary knowledge about the financial world. *See Glackin*, 2013 WL 3984520, at *3 ("The unsophisticated consumer . . . still has rudimentary knowledge about the financial world.").  Consequently, it is no so farfetched to claim that the unsophisticated-consumer such as Plaintiff would be familiar with the potential ramifications of settling debts for less than the amount owed and their effect on a consumer's credit score. Plaintiff's interpretation is bizarre, idiosyncratic and illogical and thus, Plaintiff's Amended Complaint should be dismissed as a matter of law.

Plaintiff argues that Defendant's reliance on *Dunbar v. Kohn Law Firm* is misplaced, because unlike the letter in *Dunbar*, Defendant's letter is based on a false premise (Doc. 21, at 11).  Instead, Plaintiff argues that *Foster v. AllianceOne Receivables* and *Barlon v. Enhanced Recovery Co.* should apply (Doc. 21, at 11–13). *Compare Dunbar v. Kohn Law Firm*, 896 F.3d

762, 764 (7th Cir. 2018) (affirming dismissal of claims because a statement that a settlement "may" have tax consequences is **literally true** and not misleading to the least sophisticated consumer), *with Foster v. AllianceOne Receivables*, No. 15-cv-11108, 2016 U.S. Dist. LEXIS 56958 (N.D. Ill. Apr. 28, 2016) (denying motion to dismiss because "mention of the IRS in a situation **where there is no set of circumstances** in which the IRS would be involved could mislead" the unsophisticated consumer); *Barlon v. Enhanced Recovery Co.*, 190 F. Supp. 3d 385 (M.D. Penn. 2016) (denying motion to dismiss because while the challenged language may not be false in all respects, **it is not completely true**).

However, contrary to Plaintiff's argument, Defendant's use of the Chase Disclosure is not factually inaccurate. Nor is it partially inaccurate. The Chase Disclosure advises the reader what Chase "may" do if the reader settles the debt for less than the full outstanding balance" (Doc. 12-1). Nothing in the First Amended Complaint indicates that the Chase Disclosure is inaccurate. What Defendant thinks Chase would or would not do is irrelevant to this analysis (Doc. 12, at 7, 9). What Chase purported to accomplish through the Chase Disclosure is irrelevant to this analysis (Doc. 12, at 6, 7). What Chase would do if Plaintiff or the reader settles the debt for the full outstanding balance is irrelevant to this analysis as the Chase Disclosure makes no such statement (Doc. 12, at 6). What Chase would "likely" or "unlikely" do if Plaintiff or the reader settles the debt for less than the full outstanding balance is insufficient to this analysis as it does not arise above mere speculation (Doc. 12, at 9). All that matters in this case is whether Chase "will not" offer Plaintiff less favorable terms in the future of some Chase products or services and whether Chase "will not" deny Plaintiff's application if Chase settles the debt with Plaintiff for less than the full outstanding balance. Plaintiff makes no such allegation (Doc. 12-2). The First Amended Complaint fails to show any such inaccuracy. Consequently, *Dunbar* is

instructive for this case, while *Foster* and *Barlon* are not.  And this Court should dismiss Plaintiff's claims in their entirety as a matter of law.

## CONCLUSION

Plaintiff engages in logical fallacies to places bizarre, idiosyncratic and illogical meaning to Defendant's letter and specifically, the Chase Disclosure.  Defendant's letter is clear:  it instructs what Chase "may" do if Plaintiff settles the debt for less than the full outstanding balance.  Per the allegations made in Plaintiff's First Amended Complaint, the Chase Disclosure is neither false nor misleading to the unsophisticated consumer.  Further, Chase and Defendant's purported incentive and purpose in including the Chase Disclosure are irrelevant in the determination that the Chase Disclosure is false or misleading.  Similarly, Defendant's knowledge in what Chase may or may not do is irrelevant. What Chase would "likely" or "unlikely" do, is insufficient to defeat a dismissal motion.  The heart of Plaintiff's claims lies in whether the Chase Disclosure is false or misleading.  Based on the above, Defendant's Motion and the allegations raised in Plaintiff's First Amended Complaint, the answer is an affirmative, "no" and thus, this Court should dismiss Plaintiff's claims in its entirety.

Dated: April 22, 2019

                                            Respectfully submitted,

                                            /s/ PATRICK A. WATTS
                                            Patrick A. Watts
                                            State Bar No. 61701
                                            Watts Law Group LLC
                                            212 South Bemiston Ave, Suite 200
                                            St. Louis, Missouri 63105
                                            pwatts@swattslaw.com
                                            ***COUNSEL FOR Defendant***

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the above and foregoing has been electronically filed **via CM/ECF,** which will automatically send email notification of such filing to the following known counsel of record on this 22nd day of April 2019, to:

**James Constantine Vlahakis**
**Marwan Rocco Daher**
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
630-575-8181
Fax: 630-575-8188
jvlahakis@sulaimanlaw.com
mdaher@sulaimanlaw.com

              */s/ Patrick A. Watts*
              Patrick A. Watts