UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DESIRAE LANTRY, individually, and on behalf of all others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:18 CV 1694 RWS |
| CLIENT SERVICES, INC. | ) ) | |
| Defendant. | ) | |

## ORDER AND MEMORANDUM

This matter is before me on Defendant Client Services, Inc.'s (CSI) Motion for a Judgment on the Pleadings. Plaintiff Desirae Lantry, on behalf of a putative class, filed a multi-count amended complaint against CSI alleging that it sent a debt collection letter containing multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"). CSI answered the Amended Complaint and filed its motion for judgment on the pleadings shortly thereafter. For the reasons that follow, I will grant CSI's motion and dismiss Lantry's Amended Complaint.

**I. Background**

This case centers on a letter that CSI sent to Lantry in order to collect a debt that Lantry allegedly owed to Chase Bank U.S.A., N.A. ("Chase"). [See Exh A., Amended Complaint, Doc. No. 12-1] The letter offered to settle Lantry's

$2,212.73 balance due to Chase for $443.00, and it contained the following "disclosure":

> "If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."

[See Id.; Plaintiff's Amended Complaint, Doc. No. 12, ¶ 14] The letter CSI sent Lantry is the only conduct or communication directed to her on which Lantry bases the FDCPA violations she alleges.

## II. Legal Standard

"Judgment on the pleadings is appropriate when there are no material facts to resolve and the moving party is entitled to judgment as a matter of law. The facts pleaded by the non-moving party must be accepted as true and all reasonable inferences from the pleadings should be taken in favor of the non-moving party. The court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (internal citations omitted).

## III. Discussion

Lantry's Amended Complaint alleges that the letter she received from CSI gives rise to four counts of FDCPA violations. The letter itself is attached to the Amended Complaint as Exhibit A, and I may consider its contents when ruling on the Motion for a Judgment on the Pleadings. See Fed. R. Civ. P. 10(c); Brown v. Medtronic, Inc., 628 F.3d 451, 459–60 (8th Cir. 2010) ("documents attached to or incorporated within an amended complaint are considered part of the pleadings, and courts may look at such documents 'for all purposes,' including to determine whether a plaintiff has stated a plausible claim.") (internal citation omitted).

In addition to the letter, the Amended Complaint is replete with conjecture and conclusory allegations that are styled as factual or plausible allegations. I will not address each conclusory allegation here, but, for example, they include:

- "The above quoted language improperly attempted to influence Plaintiff's thought process with regard to paying off the subject debt by informing her that it would be beneficial for her to pay the full amount she allegedly owed." [Amended Complaint, Doc. No. 12, ¶ 31]

- "The letter is purposefully worded to avoid making the following clear statement: 'if you pay the full amount owed, rather than the discounted settlement offer, Chase will offer you more favorable terms in the future for some Chase products or services.'" [Id. at ¶ 45]

- "When Chase presented the quoted language to Defendant and told Defendant to include it [sic] the subject form dunning letter, it was Chase's intention that this language would discourage recipients from paying the discounted offer." [Id. at ¶ 51]

- "Under the language utilized by Defendant, as required by the creditor, Defendant knew that the language was intended to urge debtors to settle for the full amount owed." [Id. at ¶ 60]

Other allegations mischaracterize the text of the attached letter, including:

- "Additionally, the quoted language was false, misleading and deceptive because the language talks in broad and confusing hypotheticals – despite clearly encouraging consumers like Plaintiff to pay the full amount of the debt and obtaining more favorable terms." [Id. at ¶ 42]

CSI contends the letter does not violate the FDCPA for several reasons, two of which are most persuasive. First, CSI argues that the "Chase Disclosure" language is literally true—i.e. that Chase may offer Lantry less favorable terms in the future for some Chase products or services, or that it may deny her application, as a result of Lantry settling for less than the whole amount of the balance due. [Defendant's Memorandum, Doc. No. 17, at 3] Second, CSI argues that Lantry's allegations regarding the true meaning or intent behind the Chase Disclosure result from Lantry's attorney seeking to generate confusion where none actually exists.

Lantry argues that CSI's memorandum does not meet the standard for a judgment on the pleadings because CSI fails to address or dispute the plausibility of each individual conclusory statement in the Amended Complaint. I disagree. The allegations in Lantry's Amended Complaint are mostly variations on her central theme that CSI's collection letter is intentionally misleading in an illicit effort to get consumers to pay a larger share of their balance due.

Lantry's allegations that impute improper motive or intent are either conclusory or based on conjecture.  They do not find support in the text of the letter, and do not have other support in the Amended Complaint.  I need not accept them as true when evaluating the instant motion for judgment on the pleadings. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)); Zean v. Fairview Health Servs., 858 F.3d 520, 527 (8th Cir. 2017) ("Courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  To the extent Lantry's allegations mischaracterize or contradict the text of the attached letter, they are similarly not entitled to the presumption of truth.

**a. Count I**

The first count contends that the "Chase Disclosure," "If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application," is false, deceptive, or misleading in general violation of 15 U.S.C. § 1692e. [Amended Complaint, Doc. No. 12, ¶ 87]

A court determines whether a debt collection letter violates 15 U.S.C. § 1692e by viewing it "through the eyes of an unsophisticated consumer." See Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002). The standard is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to 'the very last rung on the sophistication ladder.'" Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (quoting Duffy v. Landberg, 215 F.3d 871, 874 (8th Cir. 2000)). "The unsophisticated consumer test is a practical one, and statements that are merely 'susceptible of an ingenious misreading' do not violate the FDCPA." Peters, 277 F.3d at 1056 (quoting White v. Goodman, 200 F.3d 1016, 1020 (7th Cir. 2000)).

The text of the letter does not support the allegations in the Amended Complaint. Taking Lantry's factual allegations as true, the statement Lantry challenges in Count I is not false, deceptive, or misleading when viewed through the eyes of an unsophisticated consumer. This is especially true in the context of the letter as a whole. The letter never states that full payment of the outstanding debt will result in more favorable terms from Chase in future dealings. It offers to settle Lantry's balance due for $443.00, and it contains a warning conveying to Lantry that if she accepts the offer, Chase *may* offer her less favorable terms in the future or deny her application. To an unsophisticated consumer, this statement

6

does not imply that paying the full balance would put a person in the position to receive more favorable terms. Indeed, as Lantry alleges, Chase has already "charged off" her outstanding debt of $2,212.73. [Amended Complaint, Doc. No. 12, ¶¶ 11-12] Rather, the statement conveys what it says: settling the balance due will not necessarily return Lantry to good standing with Chase.

An unsophisticated consumer would not be misled into paying the full amount in hopes of securing better future terms with Chase, especially given the opportunity to settle the debt at an 80% discount. Lantry's alternative interpretations of the challenged statement are the product of "ingenious reading" of the letter. See Peters, 277 F.3d at 1056 (quoting White, 200 F.3d at 1020). To be sure, a hypothetical collection letter that *falsely* claimed or implied that Lantry would get more favorable terms if she paid the full outstanding balance would likely violate 15 U.S.C. § 1692e. But this, like the other hypothetical implications that Lantry alleges, are not present in the letter.

Because an unsophisticated consumer would not find the challenged statements false, deceptive, or misleading, I will dismiss Count I.

**b. Count II**

In the second count of the Amended Complaint, Lantry takes aim at the Chase Disclosure's proximity to the following legally required language: "This communication is from a debt collector. This is an attempt to collect a debt. Any

information obtained will be used for that purpose." [Amended Complaint, Doc. No. 12, ¶ 94] Lantry alleges that the Chase Disclosure's placement next to the legally required language falsely represents the "character or legal status of the alleged debts and the impact that partial or full payment may have on a debt" in violation of 15 U.S.C. § 1692e(2)(A). [Id. at ¶ 94] Taking Lantry's factual allegations as true, she presents no material fact on this point that would preclude judgment on the pleadings.

The Chase Disclosure's placement next to legally required language does not imply that it is also legally required as Lantry alleges. [See Id.] An unsophisticated consumer would not be concerned with whether certain styled disclosure language is included in the letter pursuant to law. Additionally, the letter never indicates that any of the language on the first page, even that which may be legally required, is included as required by law. I find that the Chase Disclosure, and its placement in the letter, would not cause an unsophisticated consumer to believe the language is legally required. It follows that the Chase Disclosure's location in the letter would not mislead or confuse an unsophisticated consumer regarding the character or legal status of the alleged debts.

Even if CSI's placement of the text falsely implied some sort of legal requirement, the language does not violate the FDCPA because it is immaterial. An untrue statement is immaterial if it does not "undermine" an unsophisticated

8

consumer's ability to "choose intelligently" between two options to resolve the debt. See Hahn v. Triumph Partnerships LLC, 557 F.3d 755, 757 (7th Cir. 2009); Hill v. Accounts Receivable Servs., LLC, 888 F.3d 343, 346 (8th Cir. 2018) (adopting the materiality requirement, as articulated in Hahn, for alleged violations of 15 U.S.C. § 1692e). The text and location of the Chase Disclosure would not undermine an unsophisticated consumer's ability to choose intelligently between her options to resolve the debt. I will dismiss Count II of the Amended Complaint.

### c. Count III

Count III contains a substantially identical claim as Count I, and for the reasons in Count I, I will dismiss Count III. Compare Counts I & III; 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt") with 15 U.S.C. § 1692e(10) (banning "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt").

### d. Count IV

Count IV alleges that the language quoted from the letter is an unfair or unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f. Lantry offers no additional facts to support a finding of unconscionability or unfairness against CSI. A simple letter—viewed through the eyes of an unsophisticated consumer—that contains factually true information and offers a substantial

discount on a balance due does not constitute an unfair or unconscionable means to collect a debt. See Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 318 (8th Cir. 2004) (applying the unsophisticated consumer standard to a 15 U.S.C. § 1692f claim). I will dismiss Count IV of the Amended Complaint.

## IV. Conclusion

For the foregoing reasons, I will grant Defendant's motion and dismiss all counts in Plaintiff's Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Client Services, Inc.'s Motion for Judgment on the Pleadings [Doc. No. 16] is **GRANTED** and all counts in Plaintiff's Amended Complaint are **DISMISSED** without prejudice.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of August, 2019.